Noel Grefenson, P.C.
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Ngrefenson@aol.com

Attorney for Josh Hall

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSH HALL,<br><br>Defendant. | Case No.: CR 10-229 BR<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT, JOSH HALL'S OBJECTION TO DEFENDANT VAN BEENEN'S MOTION TO SEAL AND MOTION FOR PROTECTIVE ORDER |
|---|---|

Through his counsel, Defendant, Joshua Hall (Hall) , submits the following points and authorities in support of his objection to Defendant Van Beenen's (Van Beenen) motion to seal and motion for protective order.

1. Van Beenen's motions rest upon unsworn factual assertions of his defense counsel, Thomas Coan, in his pleadings and memorandum. Except with the limited issue discussed in paragraph 2 below, Hall stipulates that the Court can accept Mr. Coan's factual assertions as having been proven without the need for testimony by Mr. Van Beenen, Ms. Castro, Ms. Anderson or AUSA Kerin. For purposes of these motions, Hall agrees that during the relevant time period, Ms. Castro, was a defense investigator and as such was an agent of Van Beenen's counsel and Hall stipulates that Van Beenen inadvertently disclosed a communication he intended to be confidential to

1 – MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT, JOSH HALL'S OBJECTION TO DEFENDANT VAN BEENEN'S MOTION TO SEAL AND MOTION FOR PROTECTIVE ORDER

Noel Grefenson P.C.
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Ngrefenson@aol.com

a third party.

2. Hall agrees that the legal precedent Van Beenen cites in his memorandum accurately outlines the law applicable to the federal attorney-client privilege and inadvertent waiver of that privilege. Hall is unsure whether the attorney-client privilege extends to Van Beenen's confidential communications with an agent employed by his counsel for purposes other than providing legal advice. In his memorandum, Van Beenen asserts: "The attorney-client privilege may extend to communications with third parties who have been engaged to assist the attorney in providing legal advice. *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. Idaho 2011), citing *Smith v. McCormick*, 914 F.2d 1153, 1159-60 (9th Cir. 1990)." Van Beenen does not include footnote 3 to his quotation from *Richey*, or the sentence which follows that quotation. Footnote 3 provides:

> "*See Smith v. McCormick,* 914 F.2d 1153, 1159-60 (9th Cir. 1990) (concluding that defendant's communication with her psychiatrist was protected up to the point of testimonial use of that communication)." 'What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining *legal* advice *from the lawyer.*' " *United States v. Gurtner,* 474 F.2d 297, 299 (9th Cir. 1973) (emphasis in original) (quoting *United States v. Kovel,* 296 F.2d 918, 922 (2d Cir. 1961)."

The sentence which follows the Richey quotation states: "[i]f the advice sought is not legal advice, but, for example, accounting advice from an accountant, then the privilege does not exist." It is apparent that the attorney-client privilege concerns the giving and receiving of legal advice whether to counsel or to a person employed by counsel for that purpose. It is not axiomatic that Christina Castro is an agent employed by defense counsel to provide legal advice such that Van Beenen's confidential communications to her are subject to the attorney-client privilege.

2 – MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT, JOSH HALL'S OBJECTION TO DEFENDANT VAN BEENEN'S MOTION TO SEAL AND MOTION FOR PROTECTIVE ORDER

Noel Grefenson P.C.
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Ngrefenson@aol.com

In *United States v. Nobles 8212*, 634, 422 U.S. 225, 239, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975), the Supreme Court discusses the policies underlying the federal work-product doctrine, and notes:

> "One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself. Moreover, the concerns reflected in the work-product doctrine do not disappear once trial has begun. Disclosure of an attorney's efforts at trial, as surely as disclosure during pretrial discovery, could disrupt the orderly development and presentation of his case."

As the Supreme Court notes in footnote 11, citing to *Hickman v. Taylor*, 329 U.S. 495, 508, 67 S.Ct. 385, 91 L.Ed. 451 (1947), the work-product privilege and attorney-client privilege are distinct doctrines. Nevertheless, because this Court has broad discretion over discovery and evidentiary matters at trial, and because the basic policies at issue seem related, Counsel brings this case to the attention of Court and counsel.

3.     According to Van Beenen's memorandum, he did not advise his counsel of the inadvertent disclosure.  Instead, counsel learned of the disclosure from counsel for the Government approximately two weeks later. Hall requests that the Court rule on whether Van Beenen's failure to bring the inadvertent disclosure to the attention of his trial counsel establishes a failure to "promptly" take reasonable steps to rectify the error. FRE 502(b).  On the issue of prejudice, as noted above, Hall's defense counsel has never seen the emails and obviously did not rely upon them to his detriment.

4.     Hall recognizes that he has no right to compel release of the email from Van Beenen.  Any right he might have would come from the Government's discovery obligations under FRCrP 16 *et. seq*.  While Defendant Hall has no general constitutional

3 – MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT, JOSH HALL'S OBJECTION TO DEFENDANT VAN BEENEN'S MOTION TO SEAL AND MOTION FOR PROTECTIVE ORDER

Noel Grefenson P.C.
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Ngrefenson@aol.com

right to discovery (See *Weatherford v. Bursey*, 429 U.S. 545, 51 L.Ed.2d 30, 97 S.Ct. 837 (1977)), he does have a fundamental due process right to request and obtain evidence that is material to guilt or relevant to punishment. *California v. Trombetta*, 467 U.S. 479, 485, 104 S. Ct. 252, 881 L. Ed. 2d 413 (1984). Hall requests that the Government disclose the emails to him under Rule 16 and pursuant to his fundamental due process right to defend these criminal charges.

      5.    In the event that this Court determines that the emails are protected by the attorney-client privilege, Defendant Hall's counsel requests leave to review them so that he can make an appropriate record on how, if at all, they would be utilized as exculpatory evidence during his defense.

Dated: May 11, 2011.

/s/ Noel Grefenson
Noel Grefenson, OSB No. 88216
Attorney for Defendant Hall

4 – MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT, JOSH HALL'S OBJECTION TO DEFENDANT VAN BEENEN'S MOTION TO SEAL AND MOTION FOR PROTECTIVE ORDER

Noel Grefenson P.C.
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Ngrefenson@aol.com