Thomas K. Coan, OSB #89173
tom@tomcoan.com
Attorney at Law
1001 SW Fifth Ave., Suite 1400
Portland, OR  97204
(503) 221-8736

Attorney for David Van Beenen

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. CR 10-229-BR |
| vs. | ) | MOTION TO COMPEL |
| | ) | PRODUCTION OF DISCOVERY |
| JOSH HALL, and | ) | |
| DAVID VAN BEENEN, | ) | |
| Defendant. | ) | |

### I. Motion

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), defendant David VanBeenen, through his attorney, Thomas K. Coan, moves the court for an order requiring the government to provide defendant with the following documents:

1. Any documents or memos relating to deadlines for arrests to be made and/or charges to be brought for Operation Stolen Dreams.

### II. Applicable Law

The government has an obligation under *Brady v. Maryland* to provide exculpatory evidence to a criminal defendant. To establish a *Brady* violation, the evidence must be (1) favorable to the accused because it is either exculpatory or impeachment material; (2)

Page 1 – MOTION TO COMPEL PRODUCTION OF DISCOVERY

suppressed by the government, either willfully or inadvertently; and (3) material or prejudicial. *Benn v. Lambert*, 283 F.3d 1040, 1052-53 (9th Cir. 2002). The government has a duty to disclose *Brady* material even in the absence of a request by the defense. See *Kyles v. Whitley*, 514 U.S. 419, 433 (1995). For purposes of *Brady*, materiality is measured "in terms of suppressed evidence considered collectively, not item by item." Id. at 436. That is, the reviewing court should assess the "cumulative effect" of the suppressed evidence. Id. at 421.

Impeachment evidence is exculpatory evidence within the meaning of *Brady*. See *Giglio*, 405 U.S. at 154; see also *United States v. Bagley*, 473 U.S. 667, 676 (1985). *Brady/Giglio* information includes "material . . . that bears on the credibility of a significant witness in the case." *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1461 (9th Cir. 1993), amending 976 F.2d 1235 (9th Cir. 1992) (quoting *United States v. Strifler,* 851 F.2d 1197, 1201 (9th Cir. 1988)) (alteration in original). Impeachment evidence is favorable *Brady/Giglio* material "when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence." Id. at 1458 (citing *Giglio*, 405 U.S. at 154); see also *United States v. Serv. Deli Inc.,* 151 F.3d 938, 943 (9th Cir. 1998).

**III.    Argument**

Defendant VanBeenen has learned that his arrest and prosecution are part of a larger operation called Operation Stolen Dreams.  Defendant has reason to believe that sometime shortly before his arrest, law enforcement officers within the Department of Justice sent out a memo or memos to local United States Attorney's Offices throughout the country setting deadlines for arrests to be made and for prosecutions to commence in Operations Stolen Dreams so that the DOJ could issue positive press releases relating to their efforts to investigate and prosecute offenses that impacted the housing and financial crises in the United States.

Page 2 – MOTION TO COMPEL PRODUCTION OF DISCOVERY

It is the defense position that, as part of the defense theory, law enforcement officers in this case rushed to judgment in arresting and commencing prosecution against VanBeenen in order to meet the arrest and/or charging deadline set out in memos relating to Operation Stolen Dreams. Under the defense theory, any memo showing the deadline to be at or near the time VanBeenen was arrested or charged is exculpatory because it supports our theory of defense. It is therefore discoverable under *Brady v. Maryland* for its exculpatory value.

Any such memos should also be discoverable under *Giglio* because it could be used to impeach the government's investigating agents on the case, as it would relate to motive, bias and interest of the agent.

## IV.    Conclusion

The Court should order the government to provide defendant VanBeenen with copies of any documents or memos relating to deadlines for arrests to be made and/or charges to be brought for Operation Stolen Dreams.

DATED this 16th day of May 2011.

*Thomas K. Coan*
Thomas K. Coan, OSB 89173
Attorney for Defendant Van Beenen