

**U.S. Department of Justice**

*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*          *(503) 727-1000*
*Portland, OR  97204-2902*                *Fax: (503) 727-1117*

*Michelle Holman Kerin*
*Assistant United States Attorney*
*Direct: (503) 727-1178*
*Michelle.Kerin@usdoj.gov*

March 13, 2012

Noel Grefenson
Noel Grefenson, P.C.
1415 Liberty Street SE
Salem, OR 97302

    Re:   *United States v. Josh Hall, et al.,* Case No. 10-CR-00229-BR
           Plea Agreement Letter

Dear Mr. Grefenson:

Pursuant to our conversations and emails, below is an offer to resolve the charges in the above referenced case against your client, Joshua Hall.

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant is currently charged by Indictment in the above-referenced matter with several charges. The government will dismiss that indictment against defendant only and defendant agrees to plead guilty to a superseding information charging one count of 18 U.S.C. § 2113(c), a Class A Misdemeanor.

3.    **Penalties**: The maximum sentence is one year imprisonment and/or five years probation, a fine of $100,000, one year of supervised release, and a $25 fee assessment. Defendant agrees to pay the $25 fee assessment by the time of sentencing or explain to the court why this cannot be done.

4.    **Restitution**: Defendant agrees to pay full restitution to the victim of his crime related to the property located at 7942 SE 67th Avenue, Portland, Oregon. The government anticipates restitution will be less than $25,000 but will present a final restitution amount to the court at the time of sentencing or sometime following sentencing for judgment.

5.    **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant, in the District of Oregon arising out of this investigation, known to the USAO at the

Revised 7-21-08

Mr. Noel Grefenson
Re: Josh Hall Plea Agreement
Page 2

time of this agreement. In addition, the USAO will dismiss the charges outlined in the Indictment filed in the above-referenced case.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that under U.S.S.G. § 2B1.1, the base offense level is six (6), and that the offense level should be increased zero (0) under U.S.S.G. § 2B1.1(b)(1) because the total loss is less than $5,000. This results in an offense level of 6.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility, including by filing a Motion to Withdraw his plea (on any basis) and as otherwise explained in U.S.S.G. § 3E1.1.

9. **Additional Departures, Adjustments, or Variances:** The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

10. **Parties' Recommended Sentence**: The parties agree and will recommend that defendant serve a two (2) years probationary sentence. The parties agree that a term of probation along with the other terms outlined in this agreement meet the criteria of 18 U.S.C. §3553.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Revised 7-21-08

Mr. Noel Grefenson
Re: Josh Hall Plea Agreement
Page 3

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the parties' agreements or recommendations.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

/s/ Michelle Holman Kerin

Michelle Holman Kerin
Assistant United States Attorney

Revised 7-21-08

Mr. Noel Grefenson
Re: Josh Hall Plea Agreement
Page 4

      I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

3-13-12
Date

Joshua Hall, Defendant

      I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

3/13/12
Date

Noel Grefenson, Attorney for Defendant

Revised 7-21-08