Noel Grefenson, P.C.
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Ngrefenson@aol.com

Attorney for Josh Hall

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | Case No.: 3: 10-cr-00228-BR |
|---|---|
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM |
| vs. | |
| JOSH HALL, | |
| Defendant. | |

Through his counsel, defendant, Josh Hall, submits the following points and authorities for consideration at his sentencing hearing scheduled for 10:00 a.m. on July 11, 2012. Mr. Hall requests that the Court abide by the terms of the parties' plea agreement and impose a two year probatinary sentence upon him. Mr. Hall further requests that the Court limit his restitution obligation on the basis of relative culpability and his impaired financial condition.

1. **PSR**:

Counsel and Mr. Hall have reviewed the PSR. While Mr. Hall does not necessarily agree that he is responsible for loss in the amount of $244,791.18 he understands that the referenced losses occurred as a result of Team Capital's business dealings and the Court could presumably find that these losses were reasonably foreseeable for purposes of

1 – DEFENDANT'S SENTENCING MEMORANDUM

Noel Grefenson P.C.
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Ngrefenson@aol.com

relevant conduct. Because Mr. Hall pleaded guilty to a misdemeanor offense, however, which carries a 12 month maximum term of incarceration and because the PSR writer also recommends a probationary term, Mr. Hall does not challenge this advisory guidelines determination should the Court adopt it. Consistent with his plea agreement, Mr. Hall does request that the Court impose a probationary term of two years and not five years upon him.

2. **Sentencing Authority:**

When determining an appropriate sentence for federal criminal conduct, the Court must first consult the Advisory United States Sentencing Guidelines. After a guidelines determination is made the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553 to determine an appropriate sentence. *Gall v. United States*, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008). It is not necessary for a court to find "extraordinary circumstances" in order to impose a sentence which falls outside of the advisory guidelines range. The guidelines are but one of several §3553(a) factors which a court must consider and are not entitled to any more weight than any other factor. The Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." *Carty,* 520 F.3d at 991, *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007).

3. **Probationary Sentence and Restitution**:

This Court has already sentenced Mr. Hall's codefendant and former business partner, David VanBeenen. Defense counsel and Mr. Hall followed the Court's interactions and rulings regarding Mr. Van Beenen, including the Opinion and Order regarding restitution which issued on May 23, 2012. Mr. Hall knows that Mr. VanBeenen

2 – DEFENDANT'S SENTENCING MEMORANDUM

Noel Grefenson P.C.
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Ngrefenson@aol.com

received one day in prison and was ordered to pay $2,939.47 in restitution to Fannie Mae and then $55,591.36 in restitution to Genworth Mortgage.

Although defense counsel and Mr. Hall did not attend Mr. VanBeenen's various court hearings, they understand that he frequently sought to blame Mr. Hall for his own fraudulent conduct. Mr. Hall has owned up to his own mistakes and what was an exercise of very poor judgment, but wishes the Court to know that he did not interact with David Carlson who was David VanBeenen's personal friend and acquaintance and whose involvement with Team Capital was solely at the behest of David VanBeenen. At paragraph 13 of the PSR, the writer provides Carlson's comments about Mr. Hall:

> "Carlson indicated he met Josh Hall through VanBeenen and believed he was a partner in TCI. Hall was the property manager and his job was to rent and maintain the properties."

During the majority of his involvement with Team Capital, this is precisely what Josh Hall did – managed properties.

There is a good reason why the government elected to treat Mr. Hall differently from Mr. VanBeenen and it has everything to do with relative culpability. David VanBeenen was the mover and shaker behind Team Capital. He orchestrated its business transactions and controlled its finances. VanBeenen involved Josh Hall in Team Capital because Josh Hall had significant connections around Portland from his work in professional basketball. Mr. Hall is not attempting to shirk his responsibility but any attempt to characterize him as the brains behind the Team Capital scheme and artifice is patently untrue.

\ \ \ \

\ \ \ \

3 – DEFENDANT'S SENTENCING MEMORANDUM

Noel Grefenson P.C.
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Ngrefenson@aol.com

From the parties' plea agreement, the Court can see that they had anticipated the loss from the sale of the 67th Avenue property at around $25,000, substantially less than the $58,530.83 figure determined by the Court. Because Mr. Hall pleaded guilty to a misdemeanor offense, the Court has discretion not to impose restitution upon him after considering his ability to pay. 18 U.S.C. § 3663(a) Mr. Hall would obviously very much prefer not to be saddled with restitution. His plea agreement does, however, contemplate that he pay restitution. Because of the disparity in the loss amount contemplated by the parties in their plea agreement defense counsel contacted government counsel and requested leave to argue restitution and ability to pay without breaching the terms of their plea agreement. Government counsel agreed.

Mr. Hall has been unemployed for two years. He is actively seeking employment. His wife was also unemployed during part of this time period but is again working. The Halls have two young children, twins, and are financially struggling. Mr. Hall is anxious to bring these proceedings to a close and with sentencing behind him believes he can again secure gainful employment. As stated above, he is a former professional basketball player and will focus on the advertising field.

Considering relative culpability and the fact that Mr. VanBeenen must make complete restitution to the victims Mr. Hall requests that the Court not impose restitution upon him or in the alternative limit his restitution amount to ½ of the $25,000 figure originally contemplated by the parties' plea agreement, joint and several with Mr. VanBeenen's restitution obligation.

\ \ \ \

\ \ \ \

4 – DEFENDANT'S SENTENCING MEMORANDUM

Noel Grefenson P.C.
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Ngrefenson@aol.com

In summary, Mr. Hall requests a sentence of two years probation, no restitution or, if necessary, restitution of $12,500, joint and several with that imposed upon his codefendant, David VanBeenen. Mr. Hall and counsel will address any other issues which may arise at the time of sentencing.

Dated: July 5, 2012.

/s/ Noel Grefenson
Noel Grefenson, OSB No. 88216
Attorney for Defendant Josh Hall

5 – DEFENDANT'S SENTENCING MEMORANDUM

Noel Grefenson P.C.
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Ngrefenson@aol.com