**S. AMANDA MARSHALL, OSB #953473**
United States Attorney, District of Oregon
**MICHELLE HOLMAN KERIN, OSB #965278**
Michelle.Kerin@usdoj.gov
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000

    Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | No. CR-10-00229-01-BR |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| JOSHUA HALL, | |
| DEFENDANT. | |

    The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, and Michelle Holman Kerin, Assistant United States Attorney,  hereby submits this sentencing memorandum.  The government asks the Court to sentence defendant Joshua Hall to a two (2) year term of probation and to award restitution in an amount of $58,530.83, the same as that entered against co-defendant David VanBeenen.  The government requests that $2,939.47 be awarded to Fannie Mae and then $55,591.36 be awarded to Genworth Mortgage Insurance.

/ / /

/ / /

A.  **Summary of Proceedings.**

On March 14, 2012, the defendant pled guilty to Count 1 of the Superseding Information, charging defendant with misdemeanor Bank Larceny, in violation of 18 U.S.C. §2113(c). The maximum sentence is one (1) year imprisonment, a fine of $100,000 and a $25 fee assessment.

A Presentence Report (PSR) for defendant was finalized on May 17, 2012 and sentencing is currently set for Wednesday July 11, 2012 at 11:00 a.m.

B.  **Background**.

The factual background of the charge against defendant is accurately summarized in the PSR. The government agrees with the characterization of defendant Hall in his sentencing memo–the government decided to treat defendant Hall differently from defendant VanBeenen because his conduct was significantly less culpable than defendant VanBeenen's. Defendant VanBeenen was the person who knew and recruited the straw purchaser in this matter. Indeed as outlined by defendant VanBeenen, the straw purchaser was a close personal friend with VanBeenen and had met defendant Hall as an acquittance. Defendant VanBeenen was significantly more sophisticated in financial transactions than defendant Hall and VanBeenen controlled many of the details of the deals involved. To be sure, defendant Hall was involved in and agreed to participate in the deception to lending institutions, however, he was directed primarily by defendant VanBeenen.

C.  **Sentencing Calculations.**

While not bound by the Sentencing Guidelines, courts must first consult the guidelines and take them into account at sentencing. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 767 (2005). Even though the guidelines are advisory, they remain influential in an effort to ensure nationwide consistency in sentencing. *Gall v. United States*, 128 S.Ct. 586, 596 (2007).

After the parties are given a chance to argue for a sentence they believe is appropriate, the court should consider the 18 U.S.C. § 3553(a) factors and decide whether they support the sentence advocated by the parties. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (*citing Gall*, 128 S.Ct. at 596-97 n. 6). The court must then make an individualized sentencing determination based upon the facts. *Id.* The guidelines should not be given more or less weight than the other §3553(a) factors. *Id.* If the court decides a non-guideline sentence is warranted the Court must ensure the justification is sufficiently compelling to support the degree of variance. *Id.*

The parties agree that the defendant's advisory sentencing guideline calculations are as follows:

| | |
|---|---|
| Base Offense Level, U.S.S.G. § 2B1.1: | 6 |
| Specific Offense Level, U.S.S.G. §2B1.1(b)(1):[1] | 0 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1: | -2 |
| **Total Offense Level**: | **4** |

The defendant has a criminal history category of I. With a criminal history category of I and an offense level of 4, defendants' advisory sentencing guideline ranges are between 0 to 6 months imprisonment.

**D.    Government's Recommended Sentence.**

The government recommends that the court a two (2) year probationary sentence. The sentence recommended serves the purposes of 18 U.S.C. § 3553(a). First, the proposed sentence satisfies the need to afford adequate deterrence to criminal conduct with respect to this defendant

---

[1] The government and defendant calculated this loss for sentencing purposes based on the count of conviction, receiving money taken from a financial institution, in an amount less than $1,000. The government understands the PSR takes a different approach in calculating loss. Regardless of the court's determination of the sentencing advisory guideline range, the court should impose the sentence recommended by the parties.

and the public in general. Defendant is a young man, with no prior criminal history who appears to otherwise be an active and contributing member of his community and have a wide support network. The government believes that the proposed sentence, in conjunction with the other deprivations consequential to the defendant's guilty plea, ensures that defendant will think twice again before engaging in criminal conduct again.

Additionally, the recommended sentence is also appropriate given the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense and the need to reflect just punishment for the offense. In addition to the above, a significant factor for the imposition of probation in lieu of jail time is that the defendant received little, if any, personal profit as a result of his criminal conduct.[2] The sentence is also appropriate to ensure there is no unwarranted disparity. Defendant VanBeenen was sentenced by this court to one day in jail (which all parties and this court understood was a book and release on the same day sentence), plus five (5) years of supervised release. Hall's role in the scheme compared to his co-defendant VanBeenen, is significantly smaller. A sentence greater than two (2) years probation would be disproportionate to that of VanBeenen, given their relative conduct.

**E.**     **Restitution**

Restitution in this matter is discretionary. 18 U.S.C. §3663(a). However, the parties did agree pursuant to a plea agreement that defendant would pay full restitution to the victim of his crime. At the time of the plea agreement, the government believed the amount to be approximately $24,000. However, after further investigation during restitution of VanBeenen's matter, the government determined the amount of restitution related to the transaction defendant

---

[2] It also does not appear that he was motivated to engage in criminal conduct because of personal profit.

plead guilty was in excess of $74,000.  After a hearing, the court reduced that amount.  To that end, the government requests that defendant Hall be required to pay, joint and severally with his co-defendant, the same amount of restitution–$58,530.83.  The government hereby incorporates the Affidavit of Regina Clincy and the arguments and authorities outlined in its Restitution Memorandum and supplemental Restitution Memorandum.  See Doc. Nos. 117, 118 and 124.  The government requests that the restitution judgment in this matter be the same as that of co-defendant VanBeenen.

**F.    Conclusion**

Given the defendant's sentencing guideline calculations and the factors outlined in 18 U.S.C. § 3553(a), the government believes that the proposed sentence of two (2) years probation, plus restitution in the amount of $58,539.83 is appropriate in this case.

DATED this 9th day of July 2012.

S. AMANDA MARSHALL
United States Attorney

*/s/ Michelle Holman Kerin*
MICHELLE HOLMAN KERIN, OSB#965278
Assistant United States Attorney